IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **SOUTHWEST STAGE FUNDING, LLC** <br> **dba CASCADE FINANCIAL SERVICES,** <br> *Plaintiff*, <br><br> **v.** <br><br> **CALYSTA BURNETT and THE UNITED STATES OF AMERICA,** <br> *Defendants*. | § § § § § § § § § § § MO:24-CV-00189-DC-RCG |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Southwest Stage Funding, LLC dba Cascade Financial Services' ("Plaintiff") Motion for Default Judgment. (Doc. 17).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 17).

### I. BACKGROUND

Plaintiff filed its Original Complaint against Calysta Burnett ("Defendant") and the Secretary of Housing and Urban Development[2] ("HUD") on August 5, 2024. (Doc. 1). Plaintiff sues only for breach of contract. *Id*. at 2. The relevant factual allegations are as follows. On July 23, 2015, Defendant made, executed, and delivered a Note, as well as a Deed of Trust to secure the Note with a piece of real property (the "Property"). (Doc. 1 at 2). The Property in question is

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

2. On June 23, 2025, Plaintiff and HUD filed a Joint Motion for Entry of a Consent Order to streamline the litigation. (Doc. 16). The Court granted the Motion and substituted the United States of America for HUD, granted the relief sought by Plaintiff against the United States, and relieved the United States from making any further court appearances. (Doc. 18).

commonly known as 14301 West County Road 171, Odessa, Texas 79766, more particularly described as:

> LOT SEVEN (7), BLOCK TWO (2), BATES ESTATES, SECTION 1, A SUBDIVISION OF MIDLAND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN PLAT CABINET H, PAGE 310, PLAT RECORDS OF MIDLAND COUNTY, TEXAS.

*Id*. Plaintiff is the assignee of the Deed of Trust. *Id*. Defendant has stopped making payments that have come due. *Id*. Plaintiff notified Defendant of her default. *Id*. As of August 5, 2025, Defendant owes $131,325.30. (Doc. 21-2).

Summons was issued as to Defendant on August 5, 2024. (Doc. 4). On December 10, 2024, Plaintiff filed a motion stating Defendant was evading service and asked for an extension of time to serve, as well as authorization for substitute service. (Doc. 8). The Court granted the motion in part, declining to consider substitute service until Plaintiff attempted to serve Defendant at her mailing address. (Doc. 9). The Court gave Plaintiff additional time to do so. *Id*. On March 26, 2025, Plaintiff filed a second motion for an extension of service, authorization to serve by publication, and requesting the Court order Defendant to appear and plead. (Doc. 10). The Court, satisfied Defendant could not be personally served, granted Plaintiff's Motion in full. (Doc. 11). The Court issued a Notice and Order to Appear as to Defendant and authorized Plaintiff to publish the Notice in the *Odessa American* and on texaspublicnotices.com not less than once a week for six consecutive weeks. (Doc. 12). Plaintiff filed proof Defendant was served via publication on each of the 16th, 23rd, and 30th days of April 2025 and the 7th, 14th, and 21st days of May 2025 in compliance with the Court's Order. (Doc. 13).

Defendant's answer was due two weeks after the date of the sixth publication—June 4, 2025. *Id*. at 1. To date, Defendant has failed to answer Plaintiff's Complaint or otherwise

make an appearance in this lawsuit. On June 10, 2025, Plaintiff filed a Motion for Clerk's Entry of Default. (Doc. 14). On June 11, 2025, the Clerk of Court entered default against Defendant. (Doc. 15). On June 24, 2025, Plaintiff filed its Motion for Default Judgment. (Doc. 17).

Plaintiff seeks (1) a debt payment of $131,325.30[3] from Defendant; (2) the debt to accrue interest at the rate of 4.250% per annum until the sale of the property is executed; and (3) the United States Marshal's Service to sell the property at a public auction to the highest bidder according to certain terms and conditions. (Doc. 17-3 at 2–3). A hearing was held on the instant Motion for Default Judgment on August 6, 2025. (*See* Doc. 21). Accordingly, this matter is now ripe for disposition.

## II.     LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. FED. R. CIV. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384

---

3. Plaintiff updated this amount at the hearing, from the amount previously provided in its Motion for Default Judgment, to account for the debt owed up and until August 5, 2025.

3

(W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, courts assess the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Third, courts determine what form of relief, if any, the plaintiff should receive in the case. *Id.*; *1998 Freightliner*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III. DISCUSSION

Applying the three-part analysis detailed above, the Court finds Plaintiff is entitled to a default judgment against Defendant.

**1. Default Judgment is Procedurally Warranted**

In light of the six *Lindsey* factors enumerated above, the Court finds that default judgment is procedurally warranted. First, Defendant has not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's total

4

failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the course of this case, Defendant has not responded to the summons and Complaint, the Court's Order to Appear, the entry of default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendant has had one year to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Defendant's inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. 17-CV-071, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendant. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds default judgment is procedurally warranted under these circumstances.

2. **Default Judgment is Substantively Warranted**

Due to the entry of default, Defendant is deemed to have admitted the allegations outlined in Plaintiff's Complaint. *See Nishimatsu Constru.*, 515 F.2d at 1206. Even so, the Court must review the pleadings to determine whether Plaintiff pleaded a sufficient basis for its claims to relief. *See id*. The Fifth Circuit looks to case law on Federal Rule of Civil Procedure 8 to guide this analysis:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to

5

> relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal citations and footnote omitted) (alteration in original). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id*.

Plaintiff's sole cause of action is a breach of contract. (Doc. 1 at 2). In Texas, a breach of contract claim requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. Ct. App.—Houston [1st. Dist.] 2001, *reh'g overruled*)). Here, on July 23, 2015, Defendant executed and delivered a Note promising to repay, via 360 monthly installments, the amount of $146,418.00 to Plaintiff. (Docs. 1 at 2; 17 at 1). That same day, Defendant made, executed, and delivered a Deed of Trust to secure the Note with the Property. (Doc. 1 at 2). By executing the Deed of Trust, there was a lien granted on and recourse to the Property for any breach. *Id*. Plaintiff is the assignee of the Deed of Trust. *Id*. However, payments on the Note and Deed of Trust have gone unpaid since February 1, 2024. *Id*. Defendant has directly and proximately caused damage to Plaintiff as it remains unpaid, and Plaintiff is incurring fees and expenses to enforce its rights under the loan and protect its interest in the Property. *Id*. at 3. Thus, Plaintiff has stated a claim for breach of contract.

3. **Plaintiff's Right to Relief**

As previously stated, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp.*, 605 F.2d at 857. On August 6, 2025, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court held an evidentiary hearing covering the issue of remedy. (*See* Doc. 21). Plaintiff seeks a judicial foreclosure of the Property due to Defendant's loan default. At the hearing, Plaintiff's default servicing supervisor, Lori Hennessey, testified as to the authenticity of the Note and Deed of Trust. Further, she provided that Defendant failed to make her February 1, 2024, payment and all subsequent payments that came due under the loan. Finally, she stated Defendant is currently indebted $131,325.30 with interest accruing at a rate of 4.250% per annum and a per diem rate of $11.81.

"In determining whether a party is entitled to foreclose on a promissory note secured by real property, a federal court applies the substantive law of the forum state, in this case Texas." *U.S. Bank Nat'l Assoc. v. Vallejo*, No. 16-CV-00009, 2016 WL 4400314, at *4 (W.D. Tex. Aug. 16, 2016) (citing *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995)). "Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default...." *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992). Because the Court finds Plaintiff sufficiently established Defendant is in default, Plaintiff can enforce its rights and properly elect to proceed with judicial foreclosure.

## IV. RECOMMENDATION

For the aforementioned reasons, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED** (Doc. 17). Further, the Court **RECOMMENDS** a final judgment be entered against Defendant as follows:

The Court hereby enters judgment in favor of Southwest Stage Funding, LLC dba Cascade Financial Services that Defendant Calysta Burnett owes a debt of $131,325.30 as of August 5, 2025, which is secured by the Property in question, commonly known as 14301 West County Road 171, Odessa, Texas 79766, more particularly described as:

> LOT SEVEN (7), BLOCK TWO (2), BATES ESTATES, SECTION 1, A SUBDIVISION OF MIDLAND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN PLAT CABINET H, PAGE 310, PLAT RECORDS OF MIDLAND COUNTY, TEXAS.

Such debt **SHALL** continue to accrue interest at the rate of 4.250% per annum until the sale described in the following paragraphs is executed.

It is **ORDERED** that the United States Marshal's Service **SHALL**, in full satisfaction of the sums adjudged in this Order, sell the Property at a public auction to the highest bidder for cash according to the terms and conditions set forth below:

a. The public auction **SHALL** be held in the location for foreclosure sales as ordered by the Midland County, Texas Judge;

b. The public auction **SHALL** occur on or after August 7, 2025, as determined by the United States Marshal's Service;

c. After the date and time for the public auction have been determined by the United States Marshal's Service, Southwest Stage Funding, LLC dba Cascade Financial Services **SHALL** send, via USPS certified mail, a notice of sale indicating the date, time and place of the public auction to:

>Calysta Burnett
>6401 Eastridge, No. 708
>Odessa, TX 79762
>
>Calysta Burnett
>14301 West County Road 171
>Odessa, TX 79766
>
>The Secretary of Housing and Urban Development
>451 7th Street SW
>Washington, D.C. 20410
>
>The United States of America
>c/o Robert D. Green, AUSA
>U. S. Attorney for the Western District of Texas
>601 N.W. Loop 410, Suite 600
>San Antonio, TX 78216-5597

d. Plaintiff Southwest Stage Funding, LLC dba Cascade Financial Services **SHALL** also announce the date, time, place and manner of the public auction in *The Midland Reporter-Telegram* **AND** www.texaspublicnotices.com for four (4) consecutive weeks prior to the public auction date. These advertisements **SHALL** contain the Property's address as well as the legal description;

e. Plaintiff Southwest Stage Funding, LLC dba Cascade Financial Services **SHALL** be responsible for payment of the expenses associated with administering the public auction, and the United States Marshal's Service **SHALL** deduct out of the proceeds of the sale herein described its reasonable fees for conducting such sale;

f. If Plaintiff Southwest Stage Funding, LLC dba Cascade Financial Services is the successful bidder, Plaintiff's bid **SHALL** constitute a credit against the amount owed by Defendant Calysta Burnett under the Note; and

g. The sale **SHALL** be subject to confirmation by the Court, and upon confirmation and receipt of the full purchase price of such sale, the United States Marshal's

Service **SHALL** execute and deliver a deed conveying the Property "as is" to the successful bidder.

It is further **ORDERED** that the Clerk of the Court **SHALL** issue a Writ of Execution, pursuant to Federal Rule of Civil Procedure 70, authorizing the United States Marshal's Service to take possession and control of the Property pending the sale herein described. All persons occupying the Property **SHALL** turn over all keys to the Property to the United States Marshal's Service or a representative of the same. All persons **SHALL** vacate the property permanently within 30 days from the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Service is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed abandoned, and Plaintiff Southwest Stage Funding, LLC dba Cascade Financial Services is authorized to remove it and to dispose of it in any manner authorized by law.

It is finally **ORDERED** that after the sale is confirmed by the Court, the United States Marshal's Service **SHALL** distribute from the proceeds of the sale, as far as they are sufficient and after the United States Marshal's Service has deducted its reasonable fees for conducting the sale, the amount adjudged herein in favor of Plaintiff Southwest Stage Funding, LLC dba Cascade Financial Services to it, and thereafter to the Department of Housing and Urban Development all amounts due and owing under those certain partial claims mortgages executed by Defendant Calysta Burnett, which encumber the Property, and which were filed and recorded

in the official real property records of Midland County, Texas, on October 5, 2022, as 28867 and March 3, 2023, as 5065. Any balance remaining after these payments **SHALL** be delivered to the Clerk of the Court who **SHALL** hold any such balance until further order of the Court.

SIGNED this 22nd day of August, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).